UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWAYNE LAVON CLARK,

        Petitioner,

                                                  Case No. 2:16-cv-13813

v.                                               Hon. Victoria A. Roberts

SHAWN BREWER,

        Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION [Dkt. 15]**

On April 24, 2018, the Court denied Petitioner's habeas application brought pursuant to 28 U.S.C. § 2254. Dkt. 6. Petitioner states that he did not receive notice of the order from his counsel, and he learned about it within a few days of September 26, 2018, after he asked another inmate to check the status of his case on the computer. See Dkt. 9, Affidavit at ¶ 5-6. Petitioner signed and dated a motion to reopen time for filing an appeal under Federal Rule of Appellate Procedure 4(a)(1) on October 24, 2018. Dkt. 9. The Court denied the motion because it was submitted two days after the jurisdictional 180-day deadline expired on October 22, 2018. Dkt. 14.

Petitioner asserts in his motion for reconsideration, filed under Local Rule 7.1(h) and Federal Rule of Civil Procedure 60(b)(6), that he attempted to deliver his motion to reopen the time to file an appeal to a corrections officer on October 22, 2018, but the officer refused to accept the document for filing because she was busy. See Dkt. 15, Affidavit at ¶ 4. Petitioner asserted that he was finally able to have a corrections officer process his motion for mailing on October 24, 2018, and that was when he was allowed to sign and date it. Id. at ¶ 10. Petitioner asserts that under the "Prison Mailbox Rule" his motion to reopen the time for filing an appeal should be considered

1

"filed" on the date he first attempted to hand it to a corrections officer for mailing on October 22, 2018.

Pursuant to Local Rule 7.1(h), a party seeking reconsideration must demonstrate (i) a "palpable defect" by which the court and the parties have been "misled," and (ii) that "correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h)(3). A "palpable defect" is an error that is "obvious, clear, unmistakable, manifest or plain." *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001). Petitioner argues that, while the Court was precluded from reopening the time for filing an appeal under Rule 4(a)(6), the Court may nevertheless provide relief and reissue the Judgment in this case to reset the deadline for filing an appeal. Rule 60(b)(6) permits a district court to "relieve a party . . . from a final judgment, order, or proceeding for . . . any . . . reason that justifies relief," other than the specific grounds listed in Rule 60(b)(1)-(5). See Fed.R.Civ.P. 60(b)(6).

"[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007). But, the Sixth Court of Appeals has held that the time limits for filing a notice of appeal under Federal Rule of Civil Procedure 4(a) do not "deprive the district court of jurisdiction to vacate and reinstate" the denial of a habeas petition where equitable relief is appropriate under Rule 60(b). *Tanner v. Yukins*, 776 F.3d 434, 439 (6th Cir. 2015), rehearing en banc den. (Apr. 14, 2015). In *Tanner*, the Sixth Circuit found extraordinary circumstances warranted granting the petitioner relief under Rule 60(b)(6). Tanner, who was functionally illiterate, sought assistance from a prison writ-writer and prepared an appeal from the denial of her habeas petition. *Id*. at 436. She filed the appeal one day late because her prison unit was on lockdown and prison guards threatened her with solitary confinement if she left her cell to meet the filing deadline. *Id*. The district court failed to recognize that the notice of appeal was

2

untimely, docketed the notice of appeal and granted a certificate of appealability. *Id*. at 436-37. Tanner did not learn her notice of appeal had been untimely until it was docketed with the Court of Appeals, two days beyond the time for filing a timely request for an extension of the 30-day period for filing a notice of appeal. *Id*. at 437. The Court of Appeals found the appeal untimely and dismissed the appeal for lack of jurisdiction. *Id*.

Tanner then filed a civil rights action under 42 U.S.C. § 1983, against the prison guards who prevented her from timely filing a notice of appeal during the lockdown. A jury found that the guards' actions unconstitutional. Id. Tanner then returned to district court and filed a motion for relief from judgment under Rule 60(b)(6). She asked the district court to vacate and then reinstate its judgment dismissing her habeas petition because, she argued, "it would be a miscarriage of justice if the district court permitted the prison guards' conduct — verified as unconstitutional by the jury's verdict in her civil rights case — to cause her to lose her right to appeal." *Id*. The district court denied relief, finding that Rule 4's time restrictions are jurisdictional and granting relief would impermissibly circumvent the rule's jurisdictional limits. *Id*. at 437-38. The Sixth Circuit Court of Appeals reversed the district court's decision, holding that equitable relief was available under Rule 60(b) and that "[t]he extraordinary circumstances [warranting such relief] should have been obvious to the [district] court." *Id*. at 443. The Court of Appeals reasoned that to hold otherwise would, in effect, have been "to acquiesce in the unconstitutional conduct of prison guards" who delayed Tanner's ability to file an appeal. *Id*. at 439. The Court of Appeals further noted that Tanner demonstrated diligence at each step of her long path of litigation. *Id*. 443. Given the "rare" circumstances of Tanner's case, *id*. at 444, the Court of Appeals ordered the district court to vacate is judgment dismissing the petition and re-enter the judgment, starting anew Rule 4(a)(1)(A)'s thirty-day time limit.

The Court finds that Petitioner's situation is distinguishable from *Tanner*. Even assuming Petitioner did not not receive timely notice of the Court's decision because of his counsel's failings, Petitioner admitted in his motion to reopen that he learned of the decision within a few days of September 26, 2018. See Dkt. 9, Affidavit at ¶ 5-6. At that point Petitioner had approximately four weeks remaining under Rule 4(a)(6) to file a motion to reopen the time for filing a notice of appeal. Petitioner offers no explanation in his current motion why he waited until the very last day of that time period to first attempt to deliver it to a corrections officer for mailing. Nor does Petitioner assert the type of unconstitutional conduct at issue in *Tanner*. While Petitioner was initially rebuffed because the officer was busy, he was only forced to wait for two days until the officer found the time to process his request. Petitioner does not assert that he told the officer on October 22 that his filing deadline was set to expire on that day, and in fact Petitioner's prior motion indicated his belief that the motion was timely filed on October 24. See Dkt. 9, at 3, ¶ 14. In sum, Petitioner fails to show that his circumstances are sufficiently extraordinary and distinct from those of other prisoners to warrant relief under Rule 60(b).

Accordingly, it is **ORDERED** that Petitioner's motion for reconsideration, Dkt. 15, is **DENIED**.

Dated: 2/8/19
s/ Victoria A. Roberts
Victoria A. Roberts
United States District Court