UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWAYNE LAVON CLARK,

    Petitioner,                                      Civil No. 2:16-cv-13813
                                                      Hon. Victoria A. Roberts

SHAWN BREWER,

    Respondent.
_____/

**ORDER DENYING MOTION FOR CERTIFICATE OF APPEALABILITY (ECF No. 26), AND DENYING MOTION TO EXTEND (ECF No. 25)**

This habeas petition filed by Michigan prisoner Dwayne Clark was denied on April 24, 2018, because his claims lacked merit. On October 30, 2018, after expiration of the 180-day deadline for doing so, Petitioner filed a motion to reopen the time for filing a notice of appeal. (ECF No. 9.) The Court denied Petitioner's motion as the deadline is jurisdictional. (ECF No. 14.) Petitioner filed a motion for reconsideration or for relief from judgment, again asserting that he was entitled to appeal the denial of habeas relief. (ECF No. 15.) The Court denied the motion. (ECF No. 17.) Petitioner filed a second motion for relief from judgment, largely making the same arguments. (ECF No. 19.) The Court again denied the motion. (ECF No. 22.)

Before the Court is Petitioner's motion for a certificate of appealability, seeking permission to appeal the court's denial of his *second* motion for relief from judgment regarding his failure to timely seek an appeal in the Sixth Circuit. (ECF No. 26.)[1]

---

[1] Petitioner also filed a motion to extend time, (ECF No. 25), but it appears the motion relates to a deadline the Sixth Circuit placed on Petitioner to pay the filing fee or apply for IFP in the Sixth Circuit. That motion is **DENIED** because the request for relief must be made directly with the Sixth Circuit.

-2-

A certificate of appealability is necessary to appeal the denial of a Rule 60(b) motion. *See Johnson v. Bell*, 605 F.3d 333, 336 (6th Cir. 2010)(citing *United States v. Hardin*, 481 F.3d 924, 926 (6th Cir. 2007)). A certificate of appealability may issue only if a habeas petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Id*.

With *Slack v. McDaniel* in mind, judges within this district have adopted the following standard for determining whether a certificate of appealability should issue in the context of the denial of a Rule 60(b) motion:

> A COA should issue only if the petitioner shows that (1) jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 60(b) motion, and (2) jurists of reason would find it debatable whether the underlying habeas petition, in light of the grounds alleged to support the 60(b) motion, states a valid claim of the denial of a constitutional right.

*Missouri v. Birkett*, No. 2:08-CV-11660, 2012 U.S. Dist. LEXIS 34881, 2012 WL 882727, *2-3 (E.D. Mich. March 15, 2012); *Carr v. Warren*, No. 05-CV-73763, 2010 U.S. Dist. LEXIS 73349, 2010 WL 2868421, *2 (E.D. Mich. July 21, 2010) (both citing *Kellogg v. Strack*, 269 F.3d 100, 104 (2d Cir. 2001)).

Petitioner fails to show that jurists of reason would find it debatable that the Court abused its discretion by denying his second Rule 60(b) motion, which largely raised arguments already

-3-

addressed and rejected in his previous motion. In short, and for the reasons more fully explained in the Court's previous orders, Petitioner admitted that he received actual notice of the denial of his habeas petition about a month before the time expired to seek an extension for the filing deadline to appeal under Federal Rule of Civil Procedure 4(a)(6). (*See* ECF No. 17, PageID.1290.) Nothing Petitioner added in his second motion for relief from judgment presented extraordinary circumstances justifying a different result. Accordingly, the Court **DENIES** a certificate of appealability.

**SO ORDERED**.

Dated: 10/4/2022

s/ Victoria A. Roberts
Hon. Victoria A. Roberts
United States District Judge